May it please the court. I'm Ann Dutton for petitioner Wilfredo Garay-Reyes. I'm a student attorney from the University of Minnesota And I'm here today with my supervising attorney and our co-counsel. Good morning. Good morning I'd like to reserve five minutes for rebuttal and I thank the court for this opportunity to present argument. All right We thank you for appearing We respectfully request that the court grant the petition for review vacate the BIA decision and remand both the withholding and CAC claims Our plan today is to focus our argument on our withholding claims But we do submit that legal error in the cat analysis makes remand on cat also necessary on Withholding there are three alternative paths to remand briefly stated This court could remand first if the court agrees with us that under Chevron step two Deference cannot be given to the BIA's particularity and social distinction tests Because they are arbitrary and unreasonable or because they are still too poorly explained Second assuming the validity of the tests Remand is proper if this court agrees with us that the BIA committed more straightforward legal errors in its application of the tests to mr Garay's case errors like improper fact-finding the government effectively concedes or third Remand would also be proper if this court agrees that mr Garay never had a fair opportunity to present his claim under the revised social group tests Presented for the first time in his case Go to your first point regarding whether or not Chevron deference should be given to the definition of particular social group Which of the so the BIA? Gave us a three-part test in the published opinion. So are you challenging each part of the test? Are you challenging? The test as a whole tell me exactly what your problem is with the with the definition Certainly your honor So we don't challenge that Chevron deference is due to the immutable characteristic requirement and indeed Enriquez Rivas the en banc court has given explicitly Chevron deference to that portion of the test We contend that particularity and social distinction are not due Chevron deference because the tests result in arbitrary adjudication And are not yet explained to the point where they can be consistently and fairly applied to applicants But wouldn't that then? Preclude the BIA from fleshing out what is encompassing those Why should we say now that it's arbitrary before the BIA has had a chance to flesh it out in terms of subsequent decisions? Well, your honor I think that the this court has previously expressed concerns with the board's articulation of particularity and social distinction For example in the Enriquez Rivas decision and remanded To give the board another chance to address what it actually means with these tests And so I think that this court could find that the board has had an opportunity to provide the explanation that this court has requested but hasn't Been able to do so or I think it would be appropriate also for this court to remand And just note that further explanation of the tests is required before Well, but that but it but that sort of defeats Chevron I mean if it's a clarification and these are the people that are the experts and they're fleshing it out so that it hopefully You know, they added particularity and social distinction requirements to me It's it's not like they just made something up I mean they're they seem pretty close to and pretty much clarifying as to what would be we would be looking at and they're seeing all of these cases and all of these things and the whole purpose of Chevron deference is to let them have the first crack and The fact that you would have come up with something different isn't Doesn't make doesn't overcome Chevron deference that you would like some other test everyone would like some other test because they want to win and but You Know it's it's they're dealing with social groups all the time and how to look at them and to be helpful on them You know it obviously everyone could think of some social group that they're in But that doesn't make it a social group a social group under the law. I understand your honor and I think that while Chevron does allow for agency flexibility to Update its interpretations as needs change I think that the problem that we see with the particularity and social distinction tests here isn't Necessarily that we would have articulated the different tests, but that the board in its application of these tests has Essentially applied the tests in arbitrary ways that conflict with each other and that leave applicants with No way of knowing what the tests actually require and what evidence they would need to submit in order to In your case here, I I do struggle with and that sort of goes to your due process argument Your client threw everything against the wall there isn't any there put everything out there that could possibly help I don't see what differently your client would have done so you know it's it's one thing if you just make up something that is completely different as opposed to a You know what your schooling was or your literacy or something like that Well, then, of course, it would have to go back to address that but but here the the nuances that were put on it Everything that front and center in this case Was his involvement in the gangs what he did when he was in the gangs when he said that he wanted to get out of The gangs when he you know, the incidents that happened back there. So there's there aren't any more facts to develop Your honor I think that at the time that mr. Garai was before the immigration judge I think that while there were the board had had started to indicate that these tests existed There was significant confusion that remained about what exactly the tests encompassed and so prior to but what else would you put on? You threw everything out there everything about his gangs everything about getting out. There's nothing. There's nothing else there I think that for example some matter of MEVG the companion case that was issued alongside. Mr Garai's decision identifies categories of evidence that are relevant to Social distinction showings and I think that there are categories of evidence there including Expert witnesses that can they all applied. Otherwise we see him weeks before this clarification people put him in those cases Everyone wants a redo after you lose. Okay, but that doesn't mean you could have put all of those in then That's that's correct your honor But I think that mr. Garai had no notice of whether whose perspective was Determinative for a showing of social distinction and so in his briefing before the board He highlighted that the gangs awareness of his group was sufficient to show a social distinction and that Echoes what this court in Enrique's Rivas came to as the most logical interpretation of the statute as well before the board in WGR clarified that it's society's perspective. So I think that mr Garai would have had an opportunity to get either an expert witness to speak specifically to The question of social distinction as proven by Salvadoran society writ large as well as to present And frame his arguments in a way that spoke to that specific showing that the board Clarified it was requiring for the first time on his case And so now okay that let me I think you're I think the if all right if we disagree with you And it's entitled to Chevron deference and we think that the board got it right on that We don't have to get into nexus, right? Well, your honor if if the court agrees, it was not a social group. Sure the the question of nexus The board did commit legal error and analysis Well, I know but first answer my question if we if he if he's not a social group Then it doesn't matter about nexus. Does it I think that's correct your honor if there is no social group That's cognizable. Then the nexus question is not okay relevant, but but we do contend that I think that's I think you're better arguments if you get over the first one are in the nexus area But maybe even in in the cat area Apparently the IJ didn't think killing someone was torture. That's correct. Your honor. That's a Did not constitute torture Effectively short-circuited the rest of his assessment of mr. Garai's claim and in the board's assessment of mr Garai's cat claim the board Reads into the immigration judge's finding a Holding that mr. Garai was not likely to suffer torture Which the immigration judge did not hold and so in that sense the board's review of mr. Garai's cat claim Contains impermissible fact-finding under the regulations and would be and Remand would be necessary on that point to allow the board to assess mr. Garai's claim under its proper standard of review so the torture claim yet the Error that you are certain on the torture claim is separate and apart from your challenge to the Particularity and other requirements for particular social group, right? Yes, your honor We have with our cat claim. Our challenge is primarily that the board violated its own standard of review in assessing. Mr Garai's claim, but I would note that with respect to the withholding claim the immigration judge denied Mr. Garai's particular social group solely on the grounds that he believed Arteaga this courts precedent that your honor judge Rollinson was part of that that decision precluded his Social group and so the immigration judge never it was an alternate holding wasn't it? I mean, I think yes, your honor I think that the the Arteaga's court discussion of the former gang claim is is easily distinguished from the case that mr Garai brings before this court. It was an alternate holding and in that case Mr. Arteaga was not Actually a former gang member. He testified that he was so no But what I'm saying is the court said no social group But then even if there was a social group there wasn't nexus isn't that in Arteaga? No in this case in this case So that's what I mean If we don't agree with the social if we think that the court got it, right on the social group Then we don't have to get to the alternate holding On nexus. Yes, I think I think agree. I agree that if the court finds there's no cognizable social group or no air necessitating remand on the social group question The nexus is subsidiary to finding that there is so that takes care of the withholding and the asylum claim But not the cat that's correct. Yeah, and so the the nexus analysis speaks to withholding and then our asylum was pretermitted though, right? We're in withholding only and so yes, so with respect to the cat claim that is separate from the nexus analysis and again our Contention there is that the board violated its standard of review by entering this impermissible factual finding that mr Garai was not likely to be tortured upon return to El Salvador So just to structure your arguments on the withholding first you're you're saying they're not entitled to Chevron deference But if we don't agree with that, then we look at it, but then you're secondarily saying well, even if it is entitled to Chevron deference there was a due process violation because we would have put on we would have put on a different case and then even if It's not a social group then if you then you analyze it under the alternate holding of nexus and they were wrong on nexus and Then even if I lose on withholding I still have cat right and I would clarify just one thing I think that as you've outlined our first argument is Chevron deference does not do our second argument is that even Assuming the validity of the tests that the board's application of the test to mr. Garai's claim has Independent and more straightforward legal errors in that analysis. And so if this court Deciding that question that kind of second route would not require a due process assessment Our third argument then is that remand would be proper to allow for a due process Type of consideration and then we would go to to cat and as your honor has pointed out the nexus question Becomes relevant essentially only if if this court decides to take one of those first three paths to remand on the withholding claim and with respect to I'd like to talk about the second path to remand that I've highlighted that the The board and its assessment of mr. Garai's claim under these tests committed Legal error in its application of the standards to mr. Garai, and I think that This treatment the treatment of mr. Garai's particular social group by the board illustrates legal error both in failing to apply the board's own precedential standards and then An error and that the board failed to consider compelling evidence in the record that do show social distinction and particularity And so for example, I think looking at the particularity analysis, there's a particularly clear evidence of how the board Misapplied its standards in that the board found that mr. Garai's particular social group did not qualify because it was internally diverse and that it could include persons of different ages sexes and backgrounds and That requirement or that that imposition of that requirement is in contrast to the board's own decisions in matter of CA where it said explicitly that internal diversity of a group is not necessarily doesn't necessarily preclude a finding that the group is Uncognizable as well as this court's precedent in Enriquez Rivas Which held that internal diversity is also not a disqualifier of a particular social group So in that sense the board's assessment of mr. Garai's particularity is is incorrect and inconsistent with both the board's precedent and with this court's precedent and similarly I would note that the immigration judge denied mr Garai's particular social group solely on the grounds that he thought it was precluded by Arteaga and I think that this case presents a Strong opportunity for this court to clarify the scope of the Arteaga holding again with respect to judge Rawlinson in being clear that the Arteaga decision considered the case of a current I'll be an inactive gang member and this court's analysis found that that that membership in a Unrecognizable characteristic the board or excuse me the court in Arteaga did engage in a brief discussion of a former gang member claim Denied the former claim on the grounds of particularity. I think it's important for this court to to note the differences in The particularity of the group that mr. Arteaga presented and the group that mr. Garai brings forward and so Arteaga Came to the United States from El Salvador at the age of four despite his Salvadoran nationality He joined a Mexican American street gang in Los Angeles and testified himself that he was still in the gang But inactive only by virtue of his criminal incarceration and so the court and considering His lawyers attempts to paint. Mr. Arteaga as a former gang member the court concluded And this is a quote that one who disassociates him disassociates himself from a group may fall analytically into a definable category but the category of non-associated or disaffiliated persons in this context is far too unspecific and Amorphous to be called a social group. And so in that sense not affiliated currently confined. That's well and and again Mr. Arteaga testified that he was still affiliated but inactive by virtue of his incarceration. So I would just note that The court's particularity holding and Arteaga does not extend to cover. Mr. Garai's Social-group as Mr. Garai presents a very different context than the one that this court found sufficient or insufficient in Arteaga And with that your honors, I'd like to reserve the rest of my time for rebuttal. All right. Thank you. Thank you May it please the court morning morning. I'm Manning Evans representing the government in this matter In seeking withholding of removal petitioner proposed the following particular social group former members of the Mara 18 gang in El Salvador who have renounced their membership Applying principles to which this court has already largely deferred the board rejected that social group board also found that there was no nexus and Rejected the cat claim as well and the government believes that the panel should deny the position for review in this case Because the board has articulated Standards for assessing particular social groups that are deserving of Chevron deference and because the facts that were found in the Determinations made in this case are supported by substantial evidence and are reasonable Address the IJ's conclusion that killing does not constitute torture your honor in footnote 9 of the board's decision Disagreed with that assessment They said he couldn't have meant it that way But then they presented other evidence where he said it again in another proceeding the same IJ, right? Well, it is that's there's no doubt. I mean, I know that you objected to that but by the but it's troubling. I Mean, I should look at killing as the ultimate torture. I'd rather live to say it was tortured than to be dead I It's really not an issue presented in this case The the board didn't believe that that's what the IJ said in this case I think it's unclear what the IJ actually they not believe that's what he said if that's what he said Well, if you said they didn't think he meant it that way, but then we have it in another case So well, I think both decisions by the IJ are are not entirely clear what he meant in any event that the petitioner here Argued all of the key all of the facts relevant to his cat claim before the board and he asked the board to make the Determination regarding whether or not he is entitled to cat. He does killing torture or not. Can it be torture? Yes, it can your honor This court has said so and the court the the board in the decision that was attached to the reply brief The board remanded for the for the IJ in that case to consider that issue further Acknowledging that this court has recognized that killing can be torture So why shouldn't this case go back at least on the cat part of it? Because there was no indication by the board that the board believed that killing was not Torture and the board otherwise fully assessed the cat claim And we believe that the evidence shows that this gentleman is not subject to a likelihood of torture if he's returned to El Salvador He left the gang 14 years ago. There have been no threats against him since then His tattoos have been removed. There's no indication that the people who were in the gang When he was in the gang are still there There's just no evidence that would compel a contrary conclusion to the board's that this person is subject to a likelihood of torture with respect to the Criteria that the board has developed over numerous cases Regarding particularity, but let me go just before we get off your cat in a footnote The BIA took the view that the IJ did not state that killing is not torture Rather the BIA explained that the IJ held that Garay had not submitted evidence showing that he faced a clear Probability that he would be tortured where in the IJ's decision Can we find support for the view that the IJ weighed Garay's evidence and concluded that it did not satisfy the clear probability standard for cat relief Your honor, I would refer to the IJ's discussion at pages 530 and 531 Of the record. So what does it say? First the the IJ says however, the respondent has made no reference. Well first he says It's rather extended passage  Respondent has made no reference to any of this meaning killing Page 530 of the record. Okay, and what paragraph at the bottom? So about six lines up Respondent has made no reference to any of this during the course of his testimony and has indicated that he believes he would be killed by his former gang members should he be should he Returned to El Salvador and the first what does that mean? I made no reference to any of this What does this refer to I believe he's referring to the possibility of being killed But the point of this sentence is that it's not clear that the IJ disregarded the other sentence of torture Now there is a further sentence Going on to the next page Background materials presented by the respondent contain little if any information Concerning the treatment of former gang members such as responded upon their return to El Salvador beyond being killed It is it is I think ambiguous what it means and the board has Independently at petitioners request through his brief to the board. He asked the board to make a determination on the cat claim So the government's view is that there is if there was error in the IJ's decision The board has cured it through its own analysis. Now. There's also a complaint here that the board cannot Exercise a plenary review under the clear air standard and we would agree with that as a general proposition but this is a brief to the board that asked for remand only on the question about Whether or not the government had Rebutted the presumption of future prosecution for future persecution the Alien never asked for a remand to the board for assessment of the facts Now in the reply brief, it's mentioned that the standard of review has evolved at the board over time The brief here by the alien submitted to the board was filed in 2010 Before it was entirely clear that a clear error standard applied to the facts relevant to cat But petitioner never informed the board of the change in the law Even though the BIA practice manual calls for the for parties to submit supplemental authority as as necessary So the board really had no guidance from petitioner here other than his brief calling for a plenary review of the facts On the cat claim. So while the immigration judges statements are Ambiguous and possibly troubling. They're not erroneous here. They don't justify reversal We're all the findings of fact made by the immigration judge. Well, your honor torture client. It is a limited Analysis and it's at the pages. I was citing to it I There I Can only say that the IJ concluded that he was not subject to torture, right? It's not a detailed review, but the board has has gone through that detailed review But how can how can the board go through a detailed review if there were no findings of fact by the IJ Then where do the find where do the what does the factual predicate come from? The aliens brief to the board fully argues the record and Does not acknowledge that the board should only be reviewing for clear error But but the board but the board can't make factual finding I understand that your honor And this is the government's invited error argument that he that the petitioner should not now be able to complain about the board's error Because the board did what the alien asked it to do This Argument does not appear very often But the Ninth Circuit has previously recognized an invited error theory in immigration cases and we think it's an important Maybe you shouldn't make it very often because it's not your best argument Well, your honor it is consistent with ideas of exhaustion. For example this this court I mean, there's a statutory provision the alien must raise arguments that he wants to raise here to the board Well, similarly if the alien raises an incorrect argument to the board and the boards follows that line of reasoning Why should the alien then be able to come here and say the board erred? well, but I guess people argue the wrong law to us all the time and then if we follow it It doesn't immunize us from getting it wrong And get reversed by the Supreme Court. Yeah, that's that that the attorneys made me do it. You know, that's the let me seriousness I do I If we were to determine the BIA's conclusion that Gary's group of quote former Mara 18 members is not cognizable Do we need to discuss the BIA's nexus analysis? I asked that to counsel for the appellant I would like to know your answer Your honor if the if the court says that there is no particular social group Then there cannot be persecution on account of a social group here So there would be no need to reach the nexus Decision at the same time the government forthrightly says that the nexus analysis appears in a published decision of the board It's going to be cited in future cases If I may turn to that issue though, I think that the board's you think the nexus analysis is at all problematic I Think that it could be clearer your honor but the board's distinction between Harm inflicted as a result of the act of quitting the gang versus Persecution on account of membership in a social group is an important distinct distinction and it is consistent with an discussion in in Elias Zacharias where Elias Zacharias the Supreme Court case involving forced recruitment by guerrillas and the Supreme Court said well This was not on account of the person's so if we even let's say it This is all this is hypothetical because obviously we haven't discussed the case so it's all but if if we were to conclude that it's Not the group is not cognizable Then but what you're saying is the nexus discussion because it's in the BIA position Then that would have Chevron deference and if we thought it was problematic We should say something or whatever, you know, I don't well, I'm not one to give advisory opinions You know, I understand that your honor. I'm I'm I'm simply acknowledging First of all until this court or another court gives it Chevron deference. It does not have Chevron deference. I would acknowledge that All right, but if we said that and then we said there's no if we said it had Chevron deference then that I would say that that this court has recognized that alternative holdings are still holdings and The board I think pretty clearly did intend to decide this case on both the lack of social group as well as Nexus grounds, so it's a holding of the board and I think that if this court was inclined to reach both issues It would not just be advisory. Well, what why shouldn't we agree with the fourth circuit? in Oliva V Lynch Which rejects the BIA's distinction between a former gang member status and threats to harm or kill Him for his acts and breaking the rules that prohibit members from leaving a gang Your honor the government would contend that Oliva does not sufficiently distinguish between the idea of becoming a former member yourself and Becoming a member of a group of former members It's a very complicated distinction, but I believe it's valid the idea is that Asylum and withholding should be granted based on your persecution on account of a protected ground the protected ground here is Membership in a particular social group the mere fact that you've become a former member Doesn't matter unless there actually is a social group of former members and the persecutor had that group in mind when it was Didn't distinguish between those two factors and we believe that all we have here are Harm threatened and inflicted based on the fact that this person violated a gang rule He he left the gang if if he was the only person ever to have left a gang it would be There wouldn't be a group and yet it's not apparent that anything would be any different for him in this case There's no evidence that compels a contrary conclusion that there was a nexus here on account of membership in a particular social group of former gang members That's why we believe that the court should reach the nexus argument or could reach it and uphold the board's decision with respect to the Particularity and social distinction criteria The government would contend that these are reasonable This court that many other courts have had acknowledged the reasonableness eight other circuits, I believe The the Third Circuit and the Seventh Circuit have expressed Reservations and declined to enforce them but in Enriquez-Rivas the court here the in-bank court actually recognized those concerns It said the Seventh Circuit saw this is a literal visibility requirement We don't think it is and the board has since confirmed that in these decisions so literal visibility is not a reason to think that the Social distinction is somehow unreasonable In Enriquez-Rivas the the in-bank court also said the Third Circuit doesn't see a difference between particularity and social Visibility at the time now social distinction. We don't go that far. In fact, they're separate criteria So this court has already at least indicated that it's not an unreasonable Criterion and particularity is based on the language of the statute Particular social group and this court recently has decided two cases that show how important that factor is just a week or two ago the Ramirez-Muñoz decision found that well imputed wealthy Americans is Not a particular social group because it's not a distinct discreet group with And who isn't this court has also said that insulin dependent Individuals with mental health problems is not a particular social group That's the Mendoza-Alvarez case and what's interesting about Mendoza is that it comes after Enriquez-Rivas And in footnote one it talks about a plethora of plethora of lifestyles diversity being Something to consider in assessing particularity counsel if we agree that Chevron deference is Appropriate. Why wouldn't it be prudent for us to? Remand this case for the BIA to apply its new test To this case the First Circuit and the Tenth Circuit have both found that it's unnecessary to do that in this case The Aliens petition to the board was filed in 2010 Enriquez-Rivas was decided in 2013 and In 2014 a whole year later MEVG and WGR come out Nothing's filed with the board the alien never goes back to the board and says in light of this Would you please remand to the immigration judge? We have more evidence They never say what more evidence they'd asked for what further analysis they'd want So we don't believe that it's necessary to remand in this case on that ground. So Is that are you addressing the due process argument there or what? Your honor. I didn't understand it as a due process argument. I think that But yes, the idea was as I understand it, they they believe that the agency should Should look at this case again Well I'm wondering it seems like all the evidence about The individual and things that had happened to them. They threw everything in there, but I think what appellants counsel Said well, we could have called an expert applying the new standard or whatever Could they they could have called an expert in this case though, right? We that's exactly right. Your honor. They They actually argued to the board that it was society's perception that mattered That's It administrative record page 52 So they knew society's view is what mattered not the persecutors and in fact the board had pretty much already indicated as much in the AME decision in 2007, so Petitioner couldn't have been very surprised that this issue even came up this idea about whether or not it's persecutor perception or society's perception but in any event after The issue did come up Petitioner did nothing before the board He offered no further evidence or argument and he just let the board decide on its own how it believed The social group test should be applied Counsel is your strongest case  argument seeing versus Holder No, your honor Seeing versus Holder we cite for the proposition that when the board reviews Erroneous determinations by an immigration judge the board can cure that error our strongest invited error cases immigration I'm sorry. Yeah, what is your strongest? Immigration case that supports your invited error doctrine. I believe it's a case called Johnson if I may your honor. All right Johnson Johnson against INS that's 971 fed seconds What precise language you you relied on in that case And this appears at page 343 In particular it refers to its well settled that even criminal appellants may not seek reversal on the basis of their own evidentiary Evidentiary error it was not It was not allowing the BIA to make findings of fact Um, well, I think that that might be a point of distinction but I think the general principle that people should not be able to complain about errors that they've induced is Still a generally good concept Yeah, but in that case the attorney actually introduced the affidavit that he later wanted to challenge Yes, your honor in the same way petitioner has offered a brief to the BIA Arguing plenary review. That's I think a comparable situation Thank you, if the panel has no further questions, we'd ask the petition for review be denied. All right. Thank you. Thank you very much Thank you, your honors, I just have a few points for rebuttal First this court's assessment of what the immigration judge did or did not find in his cat Assessment is a question that this court reviews de novo the BIA's Assessment of what the immigration judge did is not owed any deference. And so this court can properly make a de novo determination I would note also that the immigration judge erred in ignoring. Mr. Garai's testimony Regarding the likelihood that he would be tortured by being burned alive with a tire and that point is addressed in our opening brief at pages 70 to 71 providing further evidence of the likelihood of torture and when co-counsel was Referencing to or reading from the immigration judge decision the this that judge Rollinson asked about referred to the torture by way of burning Which we submit is error that the immigration judge failed to consider. What's your response to opposing counsel's? position that because your client Sought plenary review from the BIA that he cannot be heard to complain about Impermissible fact-finding. What's your what's your response? our position is that the invited-error argument is without merit and I believe that the The Board of Immigration Appeals did have noticed that its standard of review had changed per this court's guidance in Redor v. Holder And I would note that the invited-error doctrine only applies to rights that are able to be waived and that this court has explicitly held That the standard of review as a non waivable, right? So we think that that argument is Without merit both because the invited-error doctrine does not apply and because the board was on Notice and knew that its standard of review had changed you want to fall on your sword and say don't blame Our mistakes on our client or what I think that I would note so in our arguments to the board Mr. Garib brought to primarily legal errors with respect to his cat claim Arguing that the immigration judge Made legal error in concluding that more murder did not constitute torture as well as committing legal error by failing to consider all of the record evidence as the regulations demand and so Despite the the conclusory request for plenary review. I think that Mr. Garib Argued legal error the board knew that its standard of review had changed and regardless the invited-error doctrine does not apply to The standard of review that's not something that a petitioner can waive. I would also note that With respect to the brief before the board. Mr. Garib argued not only that he was uncertain of what the standards required But that on that same Administrative record site page 52 That mr. Garib argued primarily around the persecutors perception as the necessary inquiry for social distinction Which is a confusion that again this court and Enriquez Rivas Considered later and agreed with mr. Garib that the persecutors perception was likely going to be the dispositive inquiry With respect to The nexus question we agree with the four circuits assessment in Oliva V Lynch And I think that Madrigal is a Ninth Circuit case that speaks to this issue as well and we would also note that the Harvard amicus brief submitted with our petition is very Clear on our arguments on that point finally, I would just note that if This court has has expressed that it may be important to allow the board to flesh out these standards the particularity and social distinction standards and to allow the board to address the What the tests mean what they encompass in their own? In their own right and I would just note that the board has issued precedential decisions after mr. Garib's case matter of ARCG And in that case rather than fleshing out what social distinction requires The board relies on Undisclosed unique and discrete issues that it say satisfy social distinction in that case. That's not That doesn't give further guidance to applicants as to what is required by social distinction what social distinction encompasses and though the the government argues on page 53 of their brief that Matter of ARCG Doesn't apply and shouldn't be considered by this course precisely this court precisely because of those unique and unexplained differences in that particular social group and When the board is relying on such Unexplained factors. I think that that is a test that has not been fully explained and cannot be given deference by this court Thank you very much. Thank you counsel Thank you to both counsel for your helpful arguments in this important case The case just argued is submitted for decision by the court that completes our calendar for this morning And we are recessed until 9 a.m. Tomorrow morning. I wanted to say I want to thank pro bono work in this situation I do want to thank both of you and without saying anything about the merits because That but both of you did an excellent job, and I think as a student you should It doesn't mean you're gonna win we'll decide the case but as a student you should you should be very proud of the preparation and I think both sides were very prepared to answer questions in this difficult case. Thank you
judges: Hawkins, Rawlinson, Callahan